UNITED STATES of America, Plaintiff,

v.

William G. GOOD, Defendant.

No. CR 81–19.

United States District Court,
N. D. Ohio, W. D.

Feb. 10, 1982.

James Jensen, Toledo, Ohio, for plaintiff.

Charles Andrews, Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

DON J. YOUNG, Senior District Judge.

On September 18, 1981, the defendant was sentenced on five counts of misapplication of bank funds. The sentences on each count, to run concurrently, in addition to fines aggregating $10,000.00, were split sentences of five years imprisonment, with six months to be served in a jail type or treatment institution, and the execution of the remainder suspended, with five years probation.

On December 8, 1981, the defendant filed a motion for reduction of sentence, asking to be released from confinement on December 23, 1981, when he would have served approximately half of the jail term imposed.

His reasons were that he had been a model prisoner, that he had experienced the effect of loss of freedom, and that it would benefit his family to have him home for the Christmas holidays.

The comprehensive presentence report showed that although the defendant had been guilty of many violations of law over a period of several years, which had very seriously harmed his employer, and other trusting people, his feeling seemed to be that he had just used bad judgment. He felt he had not really done anything wrong.

The presentence report also showed that the defendant is the type of individual who is an excellent probation risk. So far as courts and the law are concerned, he is a first offender, entitled to be given a chance to redeem himself without the sting of imprisonment.

Unfortunately, this picture is typical of so-called "white collar" criminals. It does not show the enormous impact of "white collar" crime upon society, the economy, and law-abiding citizens. The latter, particularly, as they lick their wounds, are apt to feel that probation amounts to a condonation of acts which are hurting them.

There are many factors to be considered in sentencing. Certainly both the offense and the offender must be considered, together with the available sanctions, and the effects of selecting one rather than another. Certainly the basic purpose of sentencing is the deterrence of crime. It may take very little punishment to deter a particular offender. But when, as here, and in "white collar" crime generally, the offense is always deliberate and calculated, it ought to be made clear that the calculations must include the nature and extent of punishment that will certainly follow detection.

If anything is to be done to reduce the incidence of "white collar" crime, it must be clear that those offenders who are caught will certainly suffer some meaningful punishment. Imprisonment is the only such punishment now available. Thus, regardless of its effect upon the defendant, the short term of imprisonment imposed upon him should bring home to others, and to the public generally, that misapplying bank funds is not just poor judgment, it is criminal, and those who do it should expect unpleasant consequences.

To reduce the short term of imprisonment imposed upon defendant would be to suggest that punishment is just another advertising trick; that it is not necessary really to punish anyone, so long as the proper story is told. However, we are not yet living in the Town of Titipu. The de-

fendant's motion is not well taken, and must be overruled.

THEREFORE, for the above stated reasons, good cause appearing therefor, it is

ORDERED that defendant's motion for reduction of sentence be, and it hereby is, OVERRULED.

IT IS SO ORDERED.